**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-6795

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

HOBART J. BARRETT, JR.,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Bernard A. Friedman, Senior District Judge, sitting by designation. (5:07-hc-02097-FL)

Submitted: May 30, 2017                                    Decided: June 13, 2017

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence H. Brenner, BRENNER & BRENNER, P.A., Carrboro, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, G. Norman Acker, III, Assistant United States Attorney, Michael Lockridge, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hobart J. Barrett, Jr. appeals the district court's order denying his motion for conditional release from the custody of the Attorney General pursuant to 18 U.S.C. § 4247(h) (2012). In reviewing a district court's order denying release, we review "the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Francis*, 686 F.3d 265, 273 (4th Cir. 2012). A court commits clear error by making findings without properly taking into account substantial evidence to the contrary, and we will only find clear error if, after considering the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

Pursuant to 18 U.S.C. § 4248(d) (2012), a court may after a hearing commit a person who is sexually dangerous to the custody of the Attorney General. "A 'sexually dangerous person' is defined as one 'who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others.'" *Francis*, 686 F.3d at 268 (quoting 18 U.S.C. § 4247(a)(5) (2012)). Once committed, a person remains confined until he is no longer sexually dangerous to others. *Id.* (citing 18 U.S.C. § 4248(e) (2012)). "A committed individual may seek periodic review of his confinement no sooner than 180 days from the most recent determination by the district court." *Id.* (citing 18 U.S.C. § 4247(h)).

"[W]hen a person who has been civilly committed as sexually dangerous petitions for relief from his civil commitment under 18 U.S.C. § 4247(h), he bears the burden of showing by a preponderance of the evidence that he is no longer sexually dangerous within

2

the meaning of 18 U.S.C. § 4247(a)(5)-(6)." *United States v. Wetmore*, 812 F.3d 245, 248 (1st Cir. 2016) (citing *United States v. Anderson*, 151 F.3d 1030 at \*2 (4th Cir. 1998) (unpublished table decision)). "If the court finds by a preponderance of the evidence that a committed person is no longer sexually dangerous to others if released unconditionally or if released under a prescribed regimen of treatment, then the court must order the appropriate discharge." *United States v. Comstock*, 627 F.3d 513, 516 (4th Cir. 2010) (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court did not err in denying Barrett's petition for conditional release.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*